UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EDMOND AKANS,

        Petitioner,               Case No. 08-10152
                                              Honorable David M. Lawson

v.

CAROL R. HOWES,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

The petitioner, Neil Edmond Akans, presently confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted by a jury in the Wayne County, Michigan circuit court of three counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a), and sentenced to a prison term of nine to eighteen years. The petitioner alleges that there was insufficient evidence to support his convictions, the jury instructions omitted an essential element of first-degree criminal sexual conduct, prosecutorial misconduct in several instances, and ineffective assistance of counsel for failure to object to prosecutorial misconduct. The respondent has filed an answer to the petition asserting lack of merit to the claims and interposing various procedural defenses. The Court finds that the petitioner's claims lack merit and will deny the petition on that ground.

I.

The petitioner was charged with three counts of first-degree criminal sexual conduct arising from allegations by his daughter that he sexually abused her by engaging in digital penetration (count one), cunnilingus (count two), and penile penetration (count three) repeatedly from the time

she was approximately nine years old until she was eleven or twelve years of age, during weekend visitations with him following her parents' divorce.

Victoria Akans testified that she and the petitioner were married from 1989 until they separated in 1996 or 1997. Trial Tr., Feb. 1, 2006, at 19-20. They had two daughters, Kristi and Amy. After the separation, the girls visited their father at his home in Romulus on the weekends. *Id.* at 21. In 2005, Kristi wrote Victoria a letter accusing her father of "doing things" to her. *Id.* at 35-36. Victoria contacted the petitioner. He denied doing anything to Kristi, but also stated that he had been on drugs and perhaps had dreamed an incident. *Id.* at 37. Victoria did not immediately report the incident to police because Kristi had a history of lying.

Kristi Akans testified that after her parents separated she and her sister Amy visited her father on weekends. She, Amy, and the petitioner's other daughter Jennifer (who lived at the home for a time) slept in a bedroom on the main floor. The petitioner's mother and step-father slept across the hall. The petitioner slept in the basement. *Id.* at 74-75. Kristi testified that when she was about nine years old her father woke her up, took her to the basement, had her remove her pants, and placed his finger between the folds of her vagina. *Id.* at 77. She testified this occurred about ten times until she was eleven or twelve. She further testified that he once attempted to place his penis between the folds of her vagina, and once placed his tongue between the folds of her vagina. *Id.* at 77-91.

City of Romulus Police Officer Dennis Felice testified that he received a report regarding the possible sexual assault of Kristi Akans by her father. Officer Felice testified that the petitioner denied having sexual relations with Kristi, but admitted to using the drug ecstasy during the relevant time periods. He also admitted to telling Kristi about sexual dreams had about her. *Id.* at 137-45.

Jennifer Akans testified for the defense. She testified that Kristi visited on weekends and shared her room. She testified she had never been touched in an inappropriate manner by her father and never witnessed him touching either of her sisters inappropriately. *Id.* at 171-76.

The petitioner's mother and step-father testified that the petitioner lived with them and that Kristi visited nearly every weekend. The petitioner's mother testified that she is a light sleeper and did not hear anything inappropriate in the house at night. The petitioner's step-father testified he never saw the petitioner touch any of the children in an inappropriate manner. *Id.* at 151-56.

The petitioner was charged with the crimes listed above and convicted as charged following a jury trial. Following sentencing, the petitioner filed a motion in the trial court for judgment of acquittal, new trial, and an evidentiary hearing to make a record on his claim of ineffective assistance of counsel. The petitioner challenged the sufficiency of evidence, the jury verdict as against the great weight of evidence, prosecutorial misconduct related to the admission of evidence, and alleged ineffective assistance of counsel. The trial court denied the petitioner's motion on November 30, 2006. *People v. Akans*, No. 05-09765 (Wayne Cnty. Cir. Ct. Nov. 30, 2006).

The petitioner also filed a direct appeal in which he raised the following arguments: (1) the prosecutor failed to prove guilt beyond a reasonable doubt as to each element of the charged offenses; (2) the petitioner was entitled to a new trial as to Count II, which charged cunnilingus, because the trial court erred when it failed to instruct the jury concerning "sexual penetration," an essential element of the crime charged; (3) the trial court erred in denying his motion for a new trial given that the verdict was against the great weight of the evidence; (4) the prosecutor engaged in misconduct by shifting the burden of proof to the petitioner to present evidence, vouching for the credibility of and invoking sympathy for the complainant, and expressing her opinion that the

petitioner was guilty and his witnesses were incredible; and (5) he was denied effective assistance of counsel, who failed to object to the prosecutorial misconduct. The court of appeals affirmed the convictions. *People v. Akans*, No. 268805, 2007 WL 1760911 (Mich. Ct. App. June 19, 2007). The petitioner filed an application for leave to appeal in the Michigan Supreme Court raising the same claims presented to the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Akans*, 480 Mich. 926, 740 N.W.2d 282 (2007). The petitioner thereafter filed the present petition, raising the same claims raised before the Michigan appellate courts.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a

writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409. The Court has "explained that an unreasonable application of federal law is different from an incorrect application of federal law. Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable. This distinction creates a substantially higher threshold for obtaining relief than *de novo* review. AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, ---U.S. ----, ----, 130 S. Ct. 1855, 1862 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four

hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached") (internal quotation marks and citations omitted); *see also Knowles v. Mirzayance*, --- U.S. ----, ----, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme "Court has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court" (*quoting Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam))); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc).

A.

The petitioner first argues that the prosecutor lacked sufficient evidence to establish penetration, and therefore failed to prove guilt beyond a reasonable doubt as to all three counts against him. "[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). The critical inquiry on habeas review of the sufficiency of the evidence to support a criminal conviction is

> whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979) (internal citation and footnote omitted) (emphasis in original). A federal court may not reweigh the evidence or redetermine the credibility of the witnesses. *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). "It is the province of the factfinder to weigh the probative value of the evidence and resolve any conflicts in testimony." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Neal v. Morris*, 972 F.2d 675, 679 (6th Cir. 1992)). A habeas court must defer to the fact finder for its assessment of the credibility of witnesses. *Ibid.* (citing *Gall v. Parker*, 231 F.3d 265, 286 ( 6th Cir. 2000)). The Court need not be convinced that the petitioner is actually guilty beyond a reasonable doubt. *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995).

The sufficiency of evidence "standard must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law," *Jackson*, 443 U.S. at 324 n.16, and through the framework of 28 U.S.C. § 2254(d), *Martin v. Mitchell*, 280 F.3d 594, 617 (6th Cir. 2002), requiring the Court to discuss the elements of the crimes charged.

To convict a defendant of first-degree criminal sexual conduct in Michigan, the prosecution must prove beyond a reasonable doubt that the defendant engaged in sexual penetration with another person and that the victim was under 13 years of age. *See* Mich. Comp. Laws § 750.520b(1)(a). "Sexual penetration" is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Mich. Comp. Laws § 750.520a(r). State law explicitly authorizes the testimony of a victim alone to constitute sufficient evidence of a defendant's guilt. Mich. Comp. Laws § 750.520h ("The testimony of a victim need not be corroborated in prosecutions under sections 520b"); *People v. Taylor*, 185 Mich. App. 1, 8,

460 N.W.2d 582, 586 (1990) (citing *People v. Hampton*, 407 Mich. 354, 368, 285 N.W.2d 284, 288 (1979), *cert. denied*, 449 U.S. 885 (1980)).

The petitioner was charged and convicted with three counts of first degree criminal sexual misconduct: digital penetration (count one), cunnilungus (count two), and penile penetration (count three). The Michigan Court of Appeals rejected the petitioner's insufficiency of evidence arguments as follows:

> [W]ith respect to count one, the victim testified at trial that when she was nine or ten years old, defendant woke her up, took her downstairs to his bedroom, told her to lie down on the bed with him, told her to remove her pants and his pants, and after she complied, defendant placed his finger inside her vagina. The victim explained that defendant placed his finger "between the two folds," "in between" "the hole," and that defendant's finger went "inside" and it felt "[l]ike his two fingers were going inside there." According to the victim, this occurred on approximately ten separate occasions over the course of one or two years. This testimony was sufficient to find defendant guilty of digital penetration as charged in count one.
>
> The victim further testified that when she was ten years old, defendant placed his tongue "between the two folds" of her vagina on two separate occasions. Penetration is defined to include cunnilingus, MCL 750.520a(p). This Court has defined "cunnilingus" as "the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself [sic], or the mons pubes [sic]." *People v. Legg*, 197 Mich. App. 131, 133, 494 N.W.2d 797, 788 (1992), quoting *People v. Harris*, 158 Mich. App. 463, 470, 404 N.W.2d 779, 782 (1987). If cunnilingus is performed, there is no requirement that there be something additional in the way of penetration for there to be a "sexual penetration." *Harris*, 158 Mich. App. at 470. Therefore, the victim's testimony constitutes sufficient evidence to find that defendant committed cunnilingus and consequently, to find defendant guilty of count two.
>
> The victim also testified that when she was ten years old, defendant tried to place his penis "in between the two folds" of her vagina. When asked whether defendant's penis went into her vaginal opening, the victim replied, "[i]t like — it kind of did, but it didn't. Like I can't really explain . . . I remember it kind of felt like it sat in between the two folds but I don't remember." The victim's testimony sufficiently described penetration, even if only slightly, of her labia. To the extent that the jury found it necessary to infer penetration, "[c]ircumstantial evidence and reasonable inferences that arise from the evidence can constitute sufficient proof of the elements of the crime." *People v. Akins*, 259 Mich. App. 545, 554, 675 N.W.2d 863, 873

> (2003). Therefore, there was sufficient evidence to find defendant guilty of count three.

*Akans*, 2007 WL 1760911 at *1-2. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The Michigan Court of Appeals' determination that the prosecution presented sufficient evidence to support the petitioner's convictions was not an unreasonable application of *Jackson*. The petitioner is therefore not entitled to relief on this claim.

B.

The petitioner next contends that he is entitled to a new trial on Count II because the trial court erred when it failed to instruct the jury concerning "sexual penetration," an essential element of the crime charged. The Michigan Court of Appeals denied the petitioner relief on these grounds, finding the claim waived and procedurally barred because "defense counsel affirmatively expressed approval of the jury instructions." *Akans*, 2007 WL 1760911 at *2 (citing *People v. Matuszak*, 263 Mich. App. 42, 57, 687 N.W.2d 342, 352 (2004)). However, the procedural default rule is not a jurisdictional bar to review of the merits of an issue, *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), and "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits," *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Application of a procedural bar would not affect the outcome of this case, and the Court deems it more efficient in this case to proceed directly to the merits.

An erroneous jury instruction warrants habeas corpus relief only where the instruction "'so infected the entire trial that the resulting conviction violates due process.'" *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The jury instruction

"'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Ibid.* (quoting *Cupp*, 414 U.S. at 147). The Court must "inquire 'whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." *Ibid.* (quoting *Boyde v. California*, 494 U.S. 370, 380 (1990)). The petitioner criticizes the jury instruction in this case not because of what the court said, but because of what it did not say. However, the Sixth Circuit has held that "an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Patterson v. Haskins*, 316 F.3d 596, 609 (6th Cir. 2003) (quoting *Neder v. United States*, 527 U.S. 1, 9(1999) (emphasis in original)).

> The trial court instructed the jury as to Count II, cunnilingus, as follows:
>
> The defendant is charged with a crime of first degree criminal sexual conduct. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:
>
> First, that the Defendant engaged in a sexual act that involved touching Kristi Akans' genital opening or gentle [sic] organs with the defendant's mouth or tongue. Second, that Kristi Akans was less than 13 years of age at the time of the alleged act.

Trial Tr., Feb. 2, 2002, at 38. The petitioner argues that because this instruction omitted the element of sexual penetration, it is constitutionally defective. Certainly, penetration is an essential element of first-degree criminal sexual conduct, as that crime is defined by state law. State law defines sexual penetration as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body, but emission of semen is not required." Mich. Comp. Laws § 750.520a(r). Cunnilingus "requires the placing of the mouth of a person upon the external genital organs of the female which lie between the labia, or the labia itself [sic], or the mons pubes [sic]."

*People v. Legg*, 197 Mich. App. 131, 133, 494 N.W.2d 797, 798 (1992) (quoting *People v. Harris*, 158 Mich. App. 463, 470, 404 N.W.2d 779, 782 (1987)). Under Michigan law, if cunnilingus is performed, there is "no requirement" "that there be something additional in the way of penetration" for the element of sexual penetration to be established under Mich. Comp. Laws § 750.520b(1). *Harris*, 158 Mich. App. at 470, 404 N.W.2d at 782.

The trial court's jury instructions required the jury to find that cunnilungus was performed upon the victim in order to convict the petitioner of Count II. That instruction tracks state law faithfully. Michigan law does not require a finding of an additional act of "sexual penetration" separate from cunnilingus to satisfy a charge of first-degree sexual misconduct. Therefore, the trial court's instruction on Count II did not permit the jury to convict without finding all the essential elements of the offense. The petitioner's rights under the Due Process Clause were not abridged thereby, and he is not entitled to habeas relief on this claim.

### C.

The petitioner argues next that the prosecutor engaged in several instances of misconduct: improperly shifting the burden of proof to the petitioner to present evidence, improperly vouching for the credibility of the complainant, evoking sympathy for the complainant, and expressing her opinion that the petitioner was guilty and his witnesses were incredible.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citing *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003)). Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974); *Caldwell v. Russell*, 181 F.3d 731, 736

(6th Cir. 1999) (stating that "[p]rosecutorial misconduct may warrant habeas relief only if the relevant misstatements were so egregious as to render the entire trial fundamentally unfair to a degree tantamount to a due process deprivation"), *abrogated on other grounds by Mackay v. Dutton*, 217 F.3d 399, 406 (6th Cir. 2000). The first question to consider is whether the prosecutor's conduct or remarks were improper. *Slagle v. Bagley*, 457 F.3d 501, 516 (6th Cir. 2006). If they were, the court must decide whether the improper acts were so flagrant as to warrant relief. *Ibid.* Flagrancy depends on four factors: 1) whether the actions "tended to mislead the jury or prejudice the defendant"; 2) whether the actions were isolated or represent a pervasive course of conduct; 3) whether the acts represent a deliberate attempt to affect the outcome of the case; and 4) the overall strength of the case. *Millender*, 376 F.3d at 528.

The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F.2d 605, 608 (6th Cir. 1982) (citing *Hayton v. Egeler*, 555 F.2d 599, 604 (6th Cir. 1977). The Court focuses on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F.3d 959, 964 (6th Cir. 1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)). "The Supreme Court has clearly indicated that the state courts have substantial breathing room when considering prosecutorial misconduct claims because 'constitutional line drawing [in prosecutorial misconduct cases] is necessarily imprecise.'" *Slagle*, 457 F.3d at 516 (quoting *Donnelly*, 416 U.S. at 645).

The petitioner first contends that the prosecutor improperly shifted the burden of proof when she cross-examined the petitioner's parents regarding their testimony that the layout of the house and the number of occupants made it impossible for the petitioner to commit the sexual assaults.

The prosecutor asked the petitioner's mother whether she ever called the detective investigating the case and invited him to come over and observe how the sexual assaults could not have happened at the house. The prosecutor asked the petitioner's step-father a similar question. The petitioner argues that these questions amounted to suggesting that the petitioner had the burden to prove his innocence.

A prosecutor may not argue or imply that the burden of persuasion falls to a defendant to prove his innocence. *See United States v. Clark*, 982 F.2d 965, 968-69 (6th Cir. 1993). However, a prosecutor is entitled to point out the lack of evidence supporting defense theories. *United States v. Forrest*, 402 F.3d 678, 686 (6th Cir. 2005). In denying the petitioner's claim on this ground, the Michigan Court of Appeals stated that "the prosecutor's questioning defendant's parents represents not a shifting of the burden of proof, but rather, the prosecutor's effort to undercut one of the defendant's theories of the case." *Akans*, 2007 WL 1760911 at *4. Additionally, the Court of Appeals held that the jury instructions, which explained the presumption of innocence and the burden of proof, were sufficient to resolve any potential confusion about the burden of proof. *Ibid.*

The holding of the court of appeals is neither contrary to Supreme Court precedent nor an unreasonable application of the law or the facts. As noted by the state court of appeals, the prosecutor's questions properly countered the defense theory of the case. Moreover, the petitioner has failed to show that he was prejudiced by the comment in light of the actual jury instruction about the burden of proof during trial. Jurors are presumed to follow the court's instructions. *See United States v. Newsom*, 452 F.3d 593, 604 (6th Cir. 2006). The petitioner has not established that the disputed remarks were improper, or that those remarks deprived him of a fundamentally fair trial. Therefore, habeas relief is not warranted on this claim.

The petitioner next argues that the prosecutor improperly vouched for the credibility of and evoked sympathy for the complainant, expressed her opinion that the petitioner was guilty, and asserted that his witnesses were incredible. In her closing argument, the prosecutor made the following statements:

> Kristi has no reason to put herself through this pain. What's not apparent to all of you the kind of pain [sic] this was causing Kristi. She has been accused over and over again of being a liar. She knows that what — that her truth is hurting her family, it's hurting her father and this has caused her enormous pain. . . . Why would she put herself through that?
> . . .
> Kristi Akans, ladies and gentlemen, has absolutely nothing to gain from these allegations. She has lost an awful lot here. She's lost her family. . . . She's gained zero, nothing.

Trial Tr. Feb. 2, 2006 at 7, 9-10. In her rebuttal, the prosecutor further stated: "There is no motive for Kristi to lie. And common sense therefore suggest [sic] that she's telling the truth." *Id.* at 28.

"[A] prosecutor cannot improperly vouch for the credibility of his witnesses." *United States v. Emuegbunam*, 268 F.3d 377, 404 (6th Cir. 2001). "Improper vouching occurs when a prosecutor supports the credibility of a witness by indicating a personal belief in the witness's credibility thereby placing the prestige of the office of the [prosecutor] behind that witness." *United States v. Francis*, 170 F.3d 546, 550 (6th Cir. 1999). The prosecutor's statements, read in context, can be seen as addressing the complainant's motives for testifying. They do not explicitly amount to a personal advocation for the witness's credibility. Moreover, the argument is counterbalanced by the prosecutor's remark in response to defense counsel's suggestion in his opening statements that the state was "of the opinion that the complainant is someone who can be trusted," whereupon the prosecutor interrupted, stating, "Your Honor, . . . I never said that I trusted her nor would I." Trial Tr. Feb. 1, 2006 at 17. As noted by the state court of appeals, "[a]ny possibility that the jury would

interpret the prosecutor's past or future remarks as vouching for the victim's credibility was dispelled by such a comment." *Akans*, 2007 WL 1760911 at *4.

The prosecutor's comments regarding the complainant's strained relationship with her family present a closer question. The comment, "What's not apparent to all of you the kind of pain [sic] this was causing Kristi," suggests that the prosecutor has knowledge of the victim's emotional travails that extend beyond the record evidence. Making "comments that imply special knowledge of facts not before the jury" is a forbidden practice. *United States v. Reid*, 625 F.3d 977, 982 (6th Cir. 2010). Nor may a prosecutor make remarks intended to incite the jury's emotions that are irrelevant to the facts. *Viereck v. United States*, 318 U.S. 236, 247-48 (1943). And "[c]losing arguments that encourage juror identification with crime victims are improper." *Johnson v. Bell,* 525 F.3d 466, 484 (6th Cir. 2008). However, there was other testimony at trial that described the victim's strained relationship with her family, and it cannot be said that the prosecutor's comments, although improper, injected new information into the trial. Although the statements may have evoked some sympathy for the victim, the prosecutor did not ask the jury to convict on that basis. The Court cannot find, therefore, that the comments deprived the petitioner of due process of law.

The petitioner also objects to the prosecutor's characterization of his other daughter as "incredible." The Michigan Court of Appeals, finding that the prosecutor's remarks were "based on testimony on the record and [were] reasonable given the seemingly unsupported claims of this witness," reasoned:

> Defendant's other daughter, who shared a house with defendant, testified that she knew what everyone in the house was doing, even when she was sleeping. Although it is appreciated that the house was small and its inhabitants often knew what the others were doing, it is unreasonable to suggest that one would know what everyone in the house is doing while one is sleeping. A prosecutor may argue from the facts that a witness is not worthy of belief.

-15-

*Akans*, 2007 WL 1760911 at *4. The Sixth Circuit has held that

> improper vouching involves either blunt comments, *see, e.g.*, *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (stating that improper vouching occurred when prosecutor asserted own belief in witness's credibility through comments including "I think he [the witness] was candid. I think he is honest."), or comments that imply that the prosecutor has special knowledge of facts not in front of the jury or of the credibility and truthfulness of witnesses and their testimony, *see, e.g.*, *United States v. Carroll*, 26 F.3d 1380, 1388 (6th Cir. June 22, 1994) (stating that improper vouching occurred when prosecutor argued that the witness testifying under a plea agreement was in jeopardy if the court or government did not find the testimony truthful).

*Francis*, 170 F.3d at 550. In this case, the prosecutor's argument asked the jury to find Jennifer Akans' testimony incredible based upon the inherent unbelievability of the testimony, not based upon the prosecutor's own view of the testimony. Therefore, habeas relief is not warranted on this claim.

Finally, the petitioner alleges that the prosecutor improperly stated her personal opinion of his guilt when she made the following comment in her rebuttal to the petitioner's closing arguments: "There is no reason for Neil Akans to make excuses for a crime he didn't commit. Common sense tells you that those are the comments of a person with a guilty conscious [sic]." Trial Tr. Feb. 2, 2006 at 28. The Michigan Court of Appeals noted that this statement was based on "the victim's testimony that defendant sexually assaulted her and defendant's inculpatory statements to that effect to various witnesses." *Akans*, 2007 WL 1760911 at *4. Because the prosecutor's statements were based on evidence presented at trial and amounted to no more than argument that the defendant's conduct reflected a guilty state of mind, habeas relief is not warranted on this claim.

D.

Finally, the petitioner argues that he received ineffective assistance of counsel because his attorney failed to object to the instances of prosecutorial misconduct detailed in his arguments above.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *accord Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). The petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

The petitioner's challenge to the alleged prosecutorial misconduct was rejected by the Michigan Court of Appeals. This Court now holds that the state court's decision on the prosecutorial misconduct claims was not contrary to or an unreasonable application of Supreme Court precedent. Therefore, counsel was not ineffective in failing to object to proper conduct, and habeas relief is not warranted on this claim.

### III.

The Court concludes that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus [dkt #1] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 3, 2011

s/Deborah R. Tofil
DEBORAH R. TOFIL

---